1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11
12   TINA HONG NGUYEN,            )      No. CV 11-115-CW
                                  )
13                  Plaintiff,    )      DECISION AND ORDER
             v.                   )
14                                )
     MICHAEL J. ASTRUE,           )
15   Commissioner, Social        )
     Security Administration,     )
16                                )
                    Defendant.    )
17   _____)

18
19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of supplemental security income

22   (SSI) benefits and disability insurance benefits (DIB).  The court

23   finds this matter should be reversed and remanded for payment of

24   benefits.

25                         I.   **BACKGROUND**

26        Plaintiff was born on February 2, 1954, and was 54 years old at

27   the time of her administrative hearing.  [Administrative Record ("AR")

28   112.]  She speaks limited English, completed a fourth-grade education

                                      1

in Vietnam, and has past relevant work has a dishwasher and
seamstress. [AR 20.] Plaintiff alleges disability due to thyroid
disorder, high blood pressure, depression, and arthritis. [AR 133.]

## II.   PROCEEDINGS IN THIS COURT

On October 6, 2011, the parties filed their Joint Stipulation
("JS") identifying matters not in dispute, issues in dispute, the
positions of the parties, and the relief sought by each party.  This
matter has been taken under submission without oral argument.

## III.   PRIOR PROCEEDINGS

Plaintiff applied for SSI and DIB benefits under Titles II and
XVI of the Social Security Act on October 1, 2006, alleging disability
since June 26, 2006. [AR 112-116.] After her application was denied
initially and upon reconsideration, Plaintiff requested a hearing. Her
hearing was held on August 5, 2008, before Administrative Law Judge
("ALJ") Keith Dietterle. [AR 35-54.] Plaintiff, with counsel, appeared
and testified with the aid of an interpreter. [AR 38-51.] The ALJ also
received testimony from vocational expert ("VE") Jeanine Metildi. [AR
51-54.]

In a written decision issued October 9, 2008, the ALJ found that
Plaintiff was not disabled under the Act. [AR 21.] When the Appeals
Council denied review [AR 5-7] the ALJ's decision became the
Commissioner's final decision.  These proceedings followed.

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of
legal error and supported by substantial evidence.  However, if the
court determines that a finding is based on legal error or is not

2

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial

3

1  gainful activity?  If so, the claimant is found not
2  disabled.  If not, proceed to step two.
3       Step two: Does the claimant have a "severe" impairment?
4  If so, proceed to step three.  If not, then a finding of not
5  disabled is appropriate.
6       Step three: Does the claimant's impairment or
7  combination of impairments meet or equal an impairment
8  listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
9  so, the claimant is automatically determined disabled.  If
10  not, proceed to step four.
11       Step four: Is the claimant capable of performing his
12  past work?  If so, the claimant is not disabled.  If not,
13  proceed to step five.
14       Step five: Does the claimant have the residual
15  functional capacity to perform any other work?  If so, the
16  claimant is not disabled.  If not, the claimant is disabled.
17  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended
18  April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107
19  S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20
20  C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or
21  "not disabled" at any step, there is no need to complete further
22  steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.
23       Claimants have the burden of proof at steps one through four,
24  subject to the presumption that Social Security hearings are non-
25  adversarial, and to the Commissioner's affirmative duty to assist
26  claimants in fully developing the record even if they are represented
27  by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at
28  1288.  If this burden is met, a prima facie case of disability is

4

1   made, and the burden shifts to the Commissioner (at step five) to

2   prove that, considering residual functional capacity ("RFC")[1], age,

3   education, and work experience, a claimant can perform other work

4   which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

5   1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

6   **B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

7        Here, the ALJ found Plaintiff had not engaged in substantial

8   gainful activity since June 26, 2006, the application date, through

9   March 31, 2010, the date last insured (step one); that Plaintiff had

10  the "severe" impairment of major depressive disorder, not otherwise

11  specified (step two); and that Plaintiff did not have an impairment or

12  combination of impairments that met or equaled a "listing" (step

13  three). [AR 16.]

14       The ALJ found that Plaintiff had the RFC to perform simple,

15  repetitive tasks at all exertional levels. [AR 16.] Accordingly, he

16  concluded that Plaintiff can perform her past relevant work as a

17  dishwasher, but not as a seamstress (step four). [AR 20.] The ALJ did

18  not reach step five of the sequential evaluation and, based upon his

19  step four conclusion, found Plaintiff not "disabled" as defined by the

20  Social Security Act. [AR 20-21.]

21  **C.   ISSUES IN DISPUTE**

22       The Joint Stipulation identifies as disputed issues whether:

23  _____

24       [1] Residual functional capacity measures what a claimant can
    still do despite existing "exertional" (strength-related) and
25  "nonexertional" limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155
    n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to
26  work without directly limiting strength, and include mental, sensory,
    postural, manipulative, and environmental limitations. <u>Penny v.</u>
27  <u>Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155
    n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a
28  nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
    765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1.   The ALJ properly evaluated the opinion of treating
     psychiatrist Richard A. Hochberg, M.D.;

2.   The ALJ articulated legitimate reasons to reject Plaintiff's
     testimony regarding non-exertional limitations; and

3.   The ALJ's step four determination is supported by
     substantial evidence.

[Joint Stipulation "JS" 3.] Issues one and two are dispositive.

### D.   ISSUE ONE: TREATING PHYSICIAN'S OPINION

The parties first dispute whether the ALJ provided legally sufficient reasons to discount the limitations opined by Plaintiff's treating psychiatrist, Dr. Hochberg.  Dr. Hochberg opined, among other things, that Plaintiff has an extreme limitation in activities of daily living, in maintaining social functioning, in maintaining concentration, persistence and pace, and that she has had four or more episodes of decompensation of extended duration in a twelve-month period. [AR 253-65.]

The ALJ declined to credit Dr. Hochberg's opinion based upon a finding that the doctor's assessment is inconsistent with substantial medical evidence and is not supported by his own progress notes. [AR 19.]  Neither justification finds the support of substantial record evidence.  First, for example, the ALJ found that Dr. Hochberg's opinion was unsupported by his treating notes because, while the doctor opined that Plaintiff's mental symptoms were worsening, he did not increase her psychotropic medications or increase the regularity of therapy sessions. [AR 19.] In fact, however, Plaintiff's medication regimen was frequently increased or adjusted.  While Dr. Hochberg began by prescribing Lithium 10 mg, Seroquel 50 mg and Cymbalta 30 mg, one month later he added Librium 10 mg and Ambien. [AR 191, 192.] The

Librium was then increased to 25 mg and the Seroquel to 400 mg. [AR 189, 191.] Several months later, he increased the dosage of Seroquel to 800 mg. [AR 251.] Additionally, with respect to the finding that Dr. Hochberg's conclusions were not credible because he did not increase the frequency of their appointments, Plaintiff testified in response to a question relating to her treating internist that she did not see him more regularly because she could not afford to do so. [AR 43.]  Disability benefits may not be denied when the plaintiff failed to obtain treatment due to lack of funds.  Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007)(citing Gamble v. Chater, 68 F.3d 319, 321 (9th Cir.1995)). The ALJ did not make any finding with respect to whether Plaintiff's finances may have impacted the frequency of her sessions with Dr. Hochberg and, consequently, his finding is likewise legally insufficient in this regard.

The ALJ's conclusion that Dr. Hochberg's opinion was contradicted by other substantial evidence of record is likewise legally insufficient.  The ALJ concluded, first, that Dr. Hochberg's opinion conflicted with that of one-time examining psychologist Steven I. Brawer, Ph.D.  Dr. Brawer's report does not constitute substantial evidence supporting rejection of a treating physician's opinion, however.  According to the tests Dr. Brawer performed, Plaintiff is significantly impaired in many realms of her mental functioning. [AR 218-24.] Although Dr. Brawer concluded that none of the results were conclusive because Plaintiff made poor effort, he did not state a definitive opinion about her mental abilities.  To the contrary, Dr. Brawer's report and conclusions are highly equivocal. Just a few examples of his this are as follows:

■    "[T]he claimant appears to be able to learn simple, repetitive

7

tasks,"

- "[H]er ability to sustain attention and concentration for extended periods of time may be mildly limited,"

- "[G]iven her test behavior the claimant would likely have significant difficulty with persisting despite obstacles and sustaining stamina," and

- "[T]he claimant may be mildly impaired in her ability to sustain cooperative relationships with coworkers and supervisors."

[AR 224-225.] Even to the extent these uncertain statements could be deemed an "opinion" by Dr. Brawer, they are not such substantial evidence that would justify a rejection of the treating psychiatrist's conclusions.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(generally, more weight should be given to the opinion of a treating source; even if that doctor's opinion is contradicted, it may not be rejected absent a finding of "specific and legitimate reasons" supported by substantial record evidence).

Relatedly, the ALJ cited the state agency physician reports in finding that Dr. Hochberg's opinions were contradicted and not entitled to controlling weight. But the state agency opinion was derived from only partial reports of Dr. Hochberg and from Dr. Brawer's evaluation [AR 235, 238], which the court has already concluded does not itself constitute substantial evidence to reject Dr. Hochberg's opinions.  Thus, the state agency's derivative finding is equally insufficient.  See Lester, 81 F.3d at 829 (the opinion of a non-examining medical advisor may not, without the support of other evidence of record, constitute substantial evidence that justifies the rejection of the opinion of either an examining or treating physician).

8

Accordingly, because the assessment of Dr. Hochberg's testimony lacks the support of substantial record evidence, reversal is warranted.

**B.    ISSUE TWO: PLAINTIFF'S CREDIBILITY**

Plaintiff next contends the ALJ improperly assessed her credibility. The ALJ found Plaintiff not to be credible primarily in that she remained able to perform personal grooming, her testimony and demeanor did not suggest mental limitations, she was not treated with pain medication to the extent that one would expect given her pain allegations, and she admitted to an examining physician that she initially stopped working because her employer's business closed down. [AR 19.]

Here, notwithstanding Dr. Brawer's suggestion to rule out malingering based upon Plaintiff's suboptimal effort on psychological testing [AR 223], there is not affirmative evidence of malingering in this record, and the ALJ did not make an explicit finding of malingering.  Absent affirmative evidence or an explicit finding of malingering, the ALJ may reject a Plaintiff's testimony only based upon clear and convincing reasons that find the support of substantial record evidence. See Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011)(absent explicit finding of malingering clear and convincing standard applies); Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008).  Under this standard, the ALJ's credibility finding in this case fails.

First, the conclusion that Plaintiff is able to work because she can take care of personal grooming is legally insufficient. A plaintiff need not be "utterly incapacitated" in order to be found disabled; the mere fact that a plaintiff is able to carry on some

9

basic daily activities, such as self-grooming, does not detract from plaintiff's credibility on the ultimate issue of disability. <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1050 (9th Cir. 2001). <u>See also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007)(holding that plaintiff's daily activities of coloring in coloring books and watching television did not meet the threshold for transferable work skills to use such activities in the credibility determination).

Second, an inference that Plaintiff lacks credibility because she stated that she initially stopped working when her employer's business shut down is likewise not a reasonable one. <u>Cf.</u> <u>Carmickle v. Comm'r of Soc. Sec. Admin.</u>, 553 F.3d at 1162 (rejecting the ALJ's conclusion that the plaintiff lacked credibility simply because he was receiving unemployment benefits).

Third, while a conservative course of treatment can undermine allegations of debilitating pain, such a fact is not a proper basis for rejecting the plaintiff's credibility where, as here, the plaintiff has a good reason for not seeking more aggressive treatment. <u>Carmickle</u>, 533 F.3d at 1162 (citing <u>Orn v. Astrue</u>, 495 F.3d 625, 638 (9th Cir. 2007). Here, Plaintiff testified that she did not seek more extensive treatment for pain because she could not afford to, a contention which the ALJ did not address.

Reversal is thus appropriate for the additional reason that the ALJs' credibility determination is not supported by substantial evidence of record.

**F.   REMAND FOR PAYMENT OF BENEFITS**

The decision whether to remand for further proceedings is within the discretion of the district court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where there are outstanding issues that

10

must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 1179.  However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. (decision whether to remand for further proceedings turns upon their likely utility).

Here, because the ALJ's evaluation of Dr. Hochberg's opinion was materially in error, as was the evaluation of Plaintiff's subjective statements, the rejected evidence is credited as true. Vasquez v. Astrue, 572 F.3d 586, 594 (9th Cir. 2009)("[T]he purpose of the credit-as-true rule is to discourage ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result.")  When credited, the evidence establishes that plaintiff could not sustain competitive employment.  Specifically, Plaintiff's testimony alone establishes that due to a combination of physical and mental symptoms she is unable even to sustain basic work attendance for an eight-hour workday and five-day work week. [See AR 37-51.] This is buttressed by the opinion of Dr. Hochberg that Plaintiff has extreme limitations in her mental functioning, attention and pace, social functioning, and that she has had regular and significant episodes of decompensation. [AR 265.] The VE testified that such an individual would be precluded from working. [AR 53.]  Based upon this combination of evidence, it is clear that plaintiff must be found disabled.  Accordingly, no useful purpose would be served by further proceedings, and an order directing an immediate award of benefits is

11

appropriate.

## V.   ORDERS

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED**.

2.   This action is **REMANDED** to defendant for payment of benefits.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: January 3, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge

12